United States District Court
Southern District of Texas
**ENTERED**
October 26, 2022
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| OSIRIS EDWARD LOPEZ, | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-CV-3399 |
| | § | |
| ETA, ET AL., | § | |
| *Defendants.* | § | |

**MEMORANDUM AND RECOMMENDATION**

This action is before the Court on Plaintiff's Emergency Ex Parte Motion.[1] ECF 8. Having

reviewed the Motion, the Original Complaint, and other items of record, the Court RECOMMENDS

that the Motion be DENIED and this case be DISMISSED WITH PREJUDICE because it is

frivolous and fails to state a claim for relief.

As an initial matter, **the Court admonishes Plaintiff that he must not communicate with**

**the court or any court employees by fax or email.** All documents Plaintiff wishes to file must be

mailed or hand-delivered to the clerk's office in the United States Courthouse, 515 Rusk St.,

Houston, TX 77002.

## I.      Procedural Background

Plaintiff initiated this action by filing an Original Complaint, pro se (without a lawyer) and

in forma pauperis (withing paying filing fees), on September 28, 2022 naming as Defendants "ETA,

Socialist International, et al." ECF 1. The Original Complaint does not identify any of the purported

"et al." defendants listed in the caption. Further, the Clerk did not issue a summons because Plaintiff

did not provide a completed summons form. Plaintiff's one-paragraph Original Complaint contains

almost no factual allegations and does not state a cognizable cause of action. Plaintiff asserts that

Defendants are terrorists. He requests "assignment of Counsel to finish any further technicalities

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and
(B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.
ECF 5.

regarding my Ex Parte Petition for Issuance of Post-Judgment Victim Protective Order and Writs of Garnishment and Execution against ETA and its Network."  *Id.*  Because Plaintiff's Original Complaint does not provide enough detail to establish the identity of the Defendants, the Court offers the following only as background information:  According to Wikipedia, ETA is an acronym for Euskadi Ta Askatasuna, a Basque separatist group founded in 1959 that professed to dissolve all activities in 2018.  *See* en.wikipedia.org/wiki/ETA_(separatist-group) (last visited October 18, 2022).  According to the website socialistinternational.org (last visited October 18, 2022), Socialist International is an organization headquartered in London whose members are socialist groups from around the world (but none from the United States).

After filing the Original Complaint, Plaintiff filed a "Motion Requesting Court Grant in Chambers Today Ex Parte For Expedited Protective Order and Writs of Garnishment, Execution." ECF 3.  The Court denied the Motion on October 4, 2022, noting that nothing filed by Plaintiff "describes the facts or offers authority supporting relief. Nor has the referenced final judgment been provided."  ECF 4.  The Court instructed Plaintiff that if he resubmitted his motion he must file "(i) a brief containing the facts and authority that he claims will support his requested relief; (ii) attachments of all evidence necessary to support the claimed relief; and (iii) the purported final judgment to be executed."  *Id.*  Thereafter, Plaintiff emailed to court personnel a message with the heading "URGENT JUDGE ESKRIDGE: EMERGENCY EX PARTE MOTION FOR INITIAL SATISFACTION EX PARTE PROTECTION ORDER & POST-JUDGMENT RELIEF: COPY SEN. GRASSLEY ET AL."  A District Court Clerk docketed the email on the record in this case as an Emergency Motion for Protective Order.  ECF 8.  The Emergency Ex Parte Motion ignores items i-iii of the Court's October 4, 2022 Order.

## II.      Sua Sponte Dismissal Standards

The court maintains inherent authority to dismiss an action without motion by a defendant as long as the procedure is fair.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962)); *See Gaffney v. State Farm Fire and Cas. Co.*, 294 Fed. App'x 975, 977 (5th Cir. 2008) (recognizing inherent authority to sua sponte dismiss for failure to state a claim as long as the procedure employed is fair).  Generally, the sua sponte dismissal procedure is fair if the plaintiff had notice of the court's intention to dismiss and an opportunity to respond.  *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014) ("fairness in this context requires both notice of the court's intention and an opportunity to respond" (citation omitted)); *Anokwuru v. City of Houston*, 990 F.3d 956, 967 (5th Cir. 2021).  This Memorandum and Recommendation puts Plaintiff on notice of the Court's intention to dismiss his case sua sponte and allows Plaintiff fourteen (14) days to file an objection to sua sponte dismissal and explain why this case should be allowed to proceed.  Thus, the procedure used here for sua sponte dismissal is fair.  *See Anokwuru*, 990 F.3d at 967 (plaintiff that filed objections to magistrate judge's recommendation undoubtedly had notice and opportunity to respond before dismissal).

Additionally, the Court should dismiss this case sua sponte because Plaintiff was granted leave to file this case in forma pauperis pursuant to 28 U.S.C. § 1915.  *See* Case No. 4:22-MC-01606.  When a Plaintiff proceeds under § 1915, the court "***shall dismiss the case at any time*** if the court determines" that the case is frivolous or malicious or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(i)-(ii) (emphasis added); *Provino v. Suisse*, No. 1:21-CV-143, 2021 WL 3751163, at *2 (E.D. Tex. July 28, 2021) (recommending sua sponte dismissal under 28 U.S.C. § 1915(e)(2) because "Plaintiff's claims are improbable, attenuated, unsubstantial, frivolous, and devoid of merit.").

### III.     Plaintiff's Case Should be Dismissed with Prejudice

In addition to his Original Complaint and his two "Emergency Motions," Plaintiff and others on his behalf have faxed multiple letters to the Chief Judge of this Court referring to Plaintiff as a "Victim-Plaintiff" and asserting that he is entitled to eight million dollars from Defendants.  From the totality of Plaintiff's filings and letters, the Court understands Plaintiff is claiming to be the victim of international terrorism.  He references ITVERP, the International Terrorism Victim Expense Reimbursement Program, but does not explain his purported eligibility for that Program or whether he has filed an application for reimbursement under that program.  He also has stated no facts to support a private cause of action against any named Defendant pursuant to ITVERP or any other statute he may be referencing by acronym, i.e., "ATA-JASTA-ATCA-FSIA."  *See* ECF 1, 3, 8.  Plaintiff has not alleged any acts by Defendants that entitle him to relief; has not clearly stated a claim under any statute or law; has not explained why this Court has authority to issue a "Post-Judgment Victim Protective Order;" has not identified any prior Judgment entitling him to relief; and has not stated any claim with an arguable basis in law or fact.  This Court ordered Plaintiff to provide facts, authority, and evidence, including the referenced purported final judgment, in any motion for relief filed with the Court.  He has failed to comply with the Court's Order.  ECF 4. Unless Plaintiff amends his Complaint within fourteen days of entry of this Memorandum and Recommendation to assert sufficient factual allegations to state a non-frivolous claim for relief, this case will be dismissed with prejudice.

### IV.     Conclusion and Recommendation

For all of the above reasons, the Court RECOMMENDS that Plaintiff's Motion for Emergency Protective Order (ECF 8) be DENIED this case be DISMISSED WITH PREJUDICE. This procedure is fair because Plaintiff has previously been informed of deficiencies in his allegations and now has 14 days to respond to this Memorandum and Recommendation with an

Amended Complaint alleging more detailed factual allegations before the District Court reviews and decides whether to adopt this recommendation.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c).   Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on October 26, 2022, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge